IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLANDUS SLAUGHTER,              ) | |
|       ) | |
|     Plaintiff,              ) | |
|       ) | |
| v.              ) | CIVIL ACTION NO. 2:05-CV-431-F |
|       ) | WO |
|       ) | |
| CHRIS VINSON, et al.,              ) | |
|       ) | |
|     Defendants.              ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 9, 2005, Stanlandus Slaughter ("Slaughter"), a county inmate, filed a civil complaint in which he challenged actions taken against him during his arrest. The plaintiff sought leave to proceed *in forma pauperis* in this cause of action. In support of this request, an authorized jail official filed a certificate which provided the court with information necessary to determine the average monthly balance in plaintiff's inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months.

Upon review of this financial information and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Slaughter owed an initial partial filing fee of $31.75 and ordered that he submit payment of this fee on or before May 31, 2005. *See Order of May 11, 2005 (Court Doc. No. 3)* at 1-2. The court cautioned Slaughter that failure to pay the requisite fee within the time allowed by the court would result in the dismissal of this

case. *Id*. at 3. Additionally, the court specifically "**advised [Slaughter] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee**." *Id*. (emphasis in original). The plaintiff filed nothing in response to this order.

In light of the foregoing, the court entered an order requiring that "the plaintiff ... show cause why his complaint should not be dismissed for his failure to pay the initial partial filing fee in compliance with the orders entered in this case." *Order of June 9, 2005 (Court Doc. No. 5)*. The order further directed the plaintiff to "advise the court of whether he authorized prison officials to withdraw [the requisite] funds from his prison account for payment of the initial partial filing fee or whether he has simply chosen not to submit the filing fee." *Id*. The court again specifically cautioned Slaughter that if he failed to respond to this order his case would be dismissed. *Id*. The plaintiff has not submitted payment of the initial partial filing fee nor has he filed a response explaining such failure. The court therefore concludes that the instant cause of action should be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in compliance with the orders of this court. It is further

ORDERED that on or before July 11, 2005 the parties shall file objections to the

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this   28th   day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE